# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

STATE OF DELAWARE,   :
          :   Case No: 1407006902
  v.       :
          :
GARY STANLEY,    :
          :
  Defendant.   :

## **ORDER**

Upon hearing on Defendant's Motion to Suppress, the Court finds little discrepancy among the summaries of the facts present by the parties in the original motion and response, the testimony provided at hearing, and the post-motion summaries of each side. The question, then, is whether or not the fruits of the search of Defendant's automobile should be suppressed based upon the virtually agreed upon facts.

Those facts, in brief, are that the police properly confronted Defendant inside a dwelling, where Defendant was confronted. Heroin was discovered on the person of Defendant, as well as keys to a vehicle. That vehicle was parked in the yard abetting the same dwelling. Defendant refused to consent to a search. That along with other factors gave rise to suspicions on the part of the police that drugs were located in the vehicle.

On that basis, the police failed to have a nexus of probable cause to search the vehicle without a warrant.

However, at that point the police, clearly armed with sufficient information to obtain a warrant, easily could have prevented anyone else from invading the vehicle; could have obtained the warrant; could have then, without interruption, searched the vehicle; and, undoubtedly, located the same drugs therein.

Various arguments are made by counsel for each side relative to several

different aspects of or perspectives on the search's validity.

The Court finds that, under the circumstances herein, the discovery of the drugs in the vehicle was inevitable. That is, even if Defendant's position are assumed to draw the picture of an illegal search, the evidence would not be suppressed, because that evidence would unquestionably have been discovered through a completely circumspect search.[1]

Accordingly, Defendant's Motion to Suppress is **DENIED**.

**SO ORDERED** this 21st day of May, 2015.

/s/ Robert B. Young
J.

RBY/lmc
oc:   Prothonotary
cc:   Gregory R. Babowal, Esq.
      Tasha M. Stevens, Esq.

---

[1] *Cook v. State*, Del. Supr., 374 A.2d 264 (1977).